IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TIMOTHY EUBANKS | § | |
| v. | § | CIVIL ACTION NO. 9:09cv174 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Timothy Eubanks, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Eubanks was convicted of murder on April 18, 2008, receiving a sentence of 35 years in prison. He did not take a direct appeal, but says that he sought state habeas corpus relief on July 4, 2009, in a petition which was denied by the Texas Court of Criminal Appeals on October 7, 2009. He signed his federal habeas corpus petition on October 21, 2009.

After review of the pleadings, the Magistrate Judge issued a Report on October 28, 2009, recommending that the petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge stated that Eubanks' conviction became final on May 19, 2008, after the expiration of the time in which he could take a direct appeal, and so his limitations period began to run at that time, expiring on May 19, 2009. Eubanks stated that he filed his state habeas petition in July of 2009, and the Magistrate Judge stated that a state habeas petition filed after the federal limitations period expired did not extend any portion of that period. The Magistrate Judge also determined that Eubanks did not show any basis for equitably tolling the statute of limitations. Thus,

1

the Magistrate Judge recommended that the petition be dismissed and that Eubanks be denied a certificate of appealability *sua sponte*.

Eubanks filed objections to the Magistrate Judge's Report on November 12, 2009. In his objections, Eubanks says that the Magistrate Judge "seems to have misapprehended the law" regarding the date on which his conviction became final. Eubanks says that rather than becoming final 30 days after the date of conviction, the Supreme Court and the Fifth Circuit have stated that the 90-day period for filing a petition for writ of certiorari with the Supreme Court falls within the meaning of Section 2244 for purposes of calculating when the statute of limitations begins to run. Eubanks says that this is true whether or not a cert petition is actually filed. When this 90-day period is factored in, he says, his petition was timely under the statute.

Eubanks goes on to argue that because he is entitled to statutory tolling, the doctrine of equitable tolling does not apply; however, he cites three cases which he says support equitable tolling due to "mental incompetence," a circumstance which he says also applies to his case.

Eubanks' objections are without merit. His primary contention is that the 90-day period for seeking certiorari from the Supreme Court should apply to his case, bringing it within the limitations period. This contention is incorrect because Eubanks did not appeal his case all the way to the Texas Court of Criminal Appeals, and he cannot seek certiorari from an unappealed decision from a state trial court without having done so.

In Roberts v. Cockrell, 319 F.3d 690, 693 & n.14 (5th Cir. 2003), the Fifth Circuit stated that the Supreme Court rules provide that the certiorari petition must be filed within 90 days of the date that the state court of last resort entered judgment, and the certiorari review is of the decision of a state court of last resort.

The Fifth Circuit explained that if the petitioner took a direct appeal of his conviction to the state court of last resort, which is the Texas Court of Criminal Appeals, then the conviction becomes final on the conclusion of direct review or the expiration of the time for seeking such

review. This period includes the 90 days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.

However, the Fifth Circuit said, if the habeas petitioner stopped his direct appeal before that point (i.e. before taking his appeal to the state court of last resort), then the conviction becomes final when the time for seeking further direct review in the state court expires. Roberts, 319 F.3d at 694; Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

In this case, as in Butler, Eubanks did not take his appeal to the state court of last resort, because he did not file a direct appeal nor seek a petition for discretionary review. Because Eubanks did not file a direct appeal, his conviction became final at the expiration of the time in which he could do so; he does not get the benefit of the 90-day period in which to seek certiorari, but rather waived his right to seek certiorari by not appealing to the state court of last resort. In other words, because Eubanks did not take a direct appeal, he waived the right to seek discretionary review from the Court of Criminal Appeals, and so his conviction became final at the expiration of the time in which he could have taken a direct appeal. Because he did not do so, he cannot count the 90-day period for seeking certiorari from the Supreme Court. The Magistrate Judge did not err in computing the limitation periods applicable to Eubanks' case, and his objections on this point are without merit.

Eubanks also indicates that he may be entitled to equitable tolling based on "mental incompetence." He recognizes that the Fifth Circuit has held that illiteracy and unfamiliarity with the legal process are not grounds for such tolling, but cites three cases in support of his view. The first of these cases, Sena v. New Mexico State Prison, 109 F.3d 652 (10th Cir. 1997), was decided under pre-AEDPA law, and so the statute of limitations was not an issue. The second of the cases, York v. Galetka, 314 F.3d 522 (10th Cir. 2003), did not involve equitable tolling based on a claim of mental incompetence, but rather based on the application of a Supreme Court case called Duncan v. Walker, 533 U.S. 167 (2001) (holding that prior federal habeas petitions do not toll the limitations period because they are not part of "state post-conviction collateral review"). The third case cited by Eubanks is Douglas v. York County, 360 F.3d 286 (1st Cir. 2004), which is not a habeas corpus

3

case, but a civil rights lawsuit under 42 U.S.C. §1983, and so a different statute of limitations applies. In addition, that case simply held that summary judgment for the defendants was improper because the district court did not review the evidence in the light most favorable to the non-moving party. None of the cases cited by Eubanks are applicable to the present case.

In addition, Eubanks argued in his original petition and brief in support that he was incompetent *at the time of his plea* because of the anti-seizure medications which he was taking. However, he offers nothing to show that this circumstance prevented him from seeking collateral review, in state or federal court, until well over a year after his conviction became final. As the Magistrate Judge stated, application of equitable tolling requires a showing of "rare and exceptional circumstances," and Eubanks simply has not met this standard. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and brief in support, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Timothy Eubanks is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **30** day of **November, 2009.**

_____
Ron Clark, United States District Judge